1

2

3

4
UNITED STATES DISTRICT COURT

5
NORTHERN DISTRICT OF CALIFORNIA

6

7
UNITED STATES OF AMERICA,

Plaintiff,

Case No.  14-cr-00355-RS-2

8

v.

9

**ORDER DENYING MOTION FOR
JUDGMENT OF ACQUITTAL AND
MOTION FOR NEW TRIAL**

MARC CHRISTOPHER HARMON,

10

Defendant.

11

12

13
On May 11, 2016, defendant Marc Christopher Harmon was convicted of one count of

14
conspiracy to commit wire fraud and five counts of wire fraud following a jury trial. *See* Dkt. No.

15
161.  Now, Harmon moves for a judgment of acquittal on all six counts, contending the evidence

16
presented by the United States at trial was insufficient to sustain his convictions. *See* Fed. R. Crim.

17
P. 29(c).  Alternatively, Harmon moves to set aside the verdict and also requests a new trial on all

18
six counts in the interest of justice. *See* Fed. R. Crim. P. 33.  As the trial record contains evidence

19
sufficient to support the convictions, Harmon's motions are denied.[1]

20
Federal Rule of Criminal Procedure 29(a) requires a judgment of acquittal "of any offense

21
for which the evidence is insufficient to sustain a conviction."  In making that determination,

22
courts ask "whether after viewing the evidence in the light most favorable to the prosecution, *any*

23
rational trier of fact could have found the essential elements of the crime beyond a reasonable

24
doubt." *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (internal quotation marks

25
omitted).  Here, Harmon seeks a judgment of acquittal because the government allegedly failed to

26

27
[1] Harmon's submission makes no substantive argument as to either motion, but seeks to
"preserve[] the motion[s] for appellate review." *See* Dkt. No. 176.  Harmon's counsel

28
subsequently indicated the matter is suitable for disposition without oral argument.

United States District Court
Northern District of California

prove each element of all six crimes beyond a reasonable doubt.  The trial record contains evidence, however, sufficient for the trier of fact to have found the essential elements of these crimes according to that standard.  Harmon's motion for a judgment of acquittal on each count is therefore denied.

According to Federal Rule of Criminal Procedure 33, courts may "vacate any judgment and grant a new trial if the interest of justice so requires."  A "court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211 (9th Cir. 1992) (quotation marks omitted).  "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Id.* at 1211–12 (quotation marks omitted).  Here, once again, Harmon contends a fresh look at the evidence establishes the United States failed to prove every element of the crimes beyond a reasonable doubt.  The evidence, however, as previously noted, is sufficient to sustain the convictions, and does not preponderate in a manner that calls for the relief Harmon now seeks. Accordingly, Harmon's request to set aside the verdict and obtain a new trial is denied.

**IT IS SO ORDERED**.

Dated: June 8, 2016

RICHARD SEEBORG
United States District Judge